## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| HYUNDAI HEAVY INDUSTRIES CO., LTD., ET. AL., | ) ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) Consol. Court No. 18-00066 |
| Defendant, | ) ) |
| and | ) ) |
| ABB ENTERPRISE SOFTWARE INC., | ) ) |
| Defendant-Intervenor. | ) ) |

### ABB ENTERPRISE SOFTWARE INC'S COMMENTS IN OPPOSITION TO COMMERCE'S SECOND REMAND REDETERMINATION

> R. ALAN LUBERDA
> DAVID C. SMITH
> MELISSA M. BREWER
> KELLEY DRYE & WARREN LLP
> 3050 K Street, N.W., Suite 400
> Washington, DC 20007
> (202) 342-8400
>
> **Counsel to Defendant-Intervenor**
> **ABB Enterprise Software Inc.**

**May 6, 2021**

**Table of Contents**

                                                            **Page**

I.      PROCEDURAL HISTORY..................................................................................................1

II.     INTRODUCTION .............................................................................................................2

III.    HISTORY OF THE CASE................................................................................................3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Fujian Lianfu Forestry Co. v. United States,
    638 F. Supp. 1325 (Ct. Int'l Trade 2009) ...............................................................................7

Hyundai Heavy Industries Co. v. United States,
    393 F. Supp. 3d 1293 (Ct. Int'l Trade 2019) ("First Remand Order")
    (ECF Nos. 75, 82) ............................................................................................................. 1-5

Hyundai Heavy Indus. Co. v. United States,
    Consol. Court No. 18-00066, Slip Op. 20-165 (Ct. Int'l Trade 2020)
    ("Second Remand Order") (ECF Nos. 143, 150) ......................................................... *passim*

Matsushita Elec. Indus. Co. v. United States,
    750 F.2d 927 (Fed. Cir. 1984)...............................................................................................8

Nippon Steel Corp. v. United States,
    337 F.3d 1373 (Fed. Cir. 2003).............................................................................................7

**Statutes**

19 U.S.C. § 1677e(b) ....................................................................................................................7

19 U.S.C. § 1677m(d) ........................................................................................................... 5, 7-8

**Administrative Determinations**

Final Results of Redetermination Pursuant to Court Remand
    (Dep't Commerce Dec. 19, 2019) ("First Remand Redetermination")
    (1Remand CR 6, 1Remand PR 7) (ECF Nos. 91-92) ................................................... *passim*

Final Results of Redetermination Pursuant to Court Remand
    (Dep't Commerce Apr. 6, 2021) ("Second Remand Redetermination")
    (2Remand CR 30, 2Remand PR 16) (ECF Nos. 154-55) ............................................. *passim*

Large Power Transformers from the Republic of Korea: Final Results of
    Antidumping Duty Administrative Review; 2015-2016, 83 Fed. Reg. 11,679
    (Dep't Commerce Mar. 16, 2018) ("Final Results") (PR 311)..................................................1

## **DEFENDANT-INTERVENOR'S COMMENTS IN OPPOSITION TO THE SECOND REMAND REDETERMINATION**

### **I.     PROCEDURAL HISTORY**

On behalf of Defendant-Intervenor ABB Enterprise Software, Inc. ("ABB"), we submit these comments in opposition to the second remand redetermination of the U.S. Department of Commerce ("Commerce") regarding mandatory respondents Hyosung Corporation and HICO America Sales and Technology, Inc. (collectively "Hyosung") and Hyundai Heavy Industries Co., Ltd. and Hyundai Corporation, USA (collectively "Hyundai").  See Final Results of Redetermination Pursuant to Court Remand (Apr. 6, 2021) ("Second Remand Redetermination") (2Remand CR 30, 2Remand PR 16) (ECF Nos. 154-55).[1] The Second Remand Redetermination was issued in response to the Court's Nov. 18, 2020 remand order in Hyundai Heavy Indus. Co. v. United States, Consol. Court No. 18-00066, Slip Op. 20-165 (Ct. Int'l Trade 2020) ("Second Remand Order") (ECF Nos. 143, 150).

The Second Remand Order set aside and remanded Commerce's first remand redetermination.  See Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Dec. 19, 2019) ("First Remand Redetermination") (1Remand CR 6, 1Remand PR 7) (ECF Nos. 91-92).[2] The First Remand Redetermination was filed in response to the Court's first

---

[1]   Documents in the administrative record are cited by their confidential and/or public record number (i.e., "(CR __)" and "(PR __)"), or the first remand administrative record (i.e., "(1Remand CR __)" and "(1Remand PR  )"), or the second remand administrative record (i.e., "(2Remand CR __)" and "(2Remand PR __)"), provided in the Index to the Administrative Record, the Index to the First Remand Record and the Index to the Second Remand Record filed with the Court on May 14, 2018 (ECF No. 19), May 20, 2020 (ECF No. 125) and April 20, 2021 (ECF No. 156), respectively.

[2]   The Court remanded the Department's final results of this 2015-2016 administrative review in Large Power Transformers from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2015-2016, 83 Fed. Reg. 11,679 (Dep't Commerce Mar. 16, 2018) (PR 311) ("Final Results").

remand order in Hyundai Heavy Indus. Co. v. United States, 393 F. Supp. 3d 1293 (Ct. Int'l Trade 2019) ("First Remand Order") (ECF Nos. 75, 82).

## II. INTRODUCTION

ABB files these comments in opposition to the Second Remand Redetermination.[3] ABB also respectfully reiterates its disagreement with the First Remand Redetermination, and the Court's First Remand Order and Second Remand Order. The record demonstrates that Commerce appropriately resorted to adverse facts available ("AFA") in the Final Results as to both respondents and correctly filed both the First Remand Redetermination and the Second Remand Redetermination under respectful protest. ABB understands, however, that the Court will likely affirm the Second Remand Redetermination based on Commerce following the Court's direction in this remand redetermination. The purpose of this filing, therefore, is to preserve ABB's appellate rights, while conserving judicial resources by not reiterating arguments already made and rejected by the Court.

In this regard, ABB incorporates by reference herein its arguments in support of the Final Results, and in opposition to the First Remand Redetermination and Second Remand Redetermination, and contesting the First Remand Order and Second Remand Order. These record documents include ABB's: 1) Jan. 17, 2019 Confidential Response in Opposition to Plaintiffs' Motions for Judgment on the Agency Record (ECF No. 49); Jan. 22, 2020 Confidential Final Comments in Opposition to the Remand Results (ECF No. 101); 3) May 8, 2020 Confidential Comments in Support of the Remand Redetermination (ECF No. 121); and 4)

---

[3]   These opposition comments are filed 30 days after the Commerce's Department's issuance of the Second Remand Redetermination, in accordance with the Court's Feb. 12, 2021 order extending Commerce's filing due date to April 4, 2021 (ECF No. 153), and R. 56.2(h) of the Court's rules.

ABB's Dec. 5, 2019 Comments to Commerce on the draft first remand redetermination[4] and ABB's March 15, 2021 Comments to Commerce on the draft second remand redetermination (2Remand PR 14).  These documents support Commerce's original AFA determinations for Hyundai and Hyosung in the Final Results, and contest the Court's findings in the First Remand Order and Second Remand Order, as well as Commerce's First Remand Redetermination and Second Remand Redetermination filed with the Court under respectful protest.

### III.  HISTORY OF THE CASE

In the appeal arising out of the Final Results, the Court directed Commerce to further explain or reconsider its reliance on total AFA for both Hyundai and Hyosung in the First Remand Order (ECF Nos. 75, 82).[5]  For Hyundai, the Court directed Commerce to further explain or reconsider its reliance on total AFA with respect to Hyundai's failure; 1) to provide information on accessories; 2) to report home market gross unit prices properly, and 3) to disclose an affiliated sales agent.  For Hyosung, the Court directed Commerce to further explain or reconsider its reliance on total AFA with respect to Hyosung's failure; 1) to report service-related revenues recorded on order acknowledgement forms (OAFs); 2) to report certain discounts and rebates, and 3) to explain the use of one invoice for multiple sales across multiple administrative reviews.

---

[4]  ABB's December 5, 2019 comments on this draft remand determination were inadvertently not included in either Commerce's December 20, 2019 Index to the First Remand Administrative Record (ECF No. 93) or the May 12, 2020 Amended Index to the First Remand Administrative Record (ECF No. 125).  ABB's Comments on the draft remand redetermination are, however, cited by the Department in the First Remand Redetermination (1Remand CR 6, 1Remand PR 7) (ECF Nos. 91-92).  See, e.g., id. at 8, 24, 27, 28, 32-35, 39, 43-44. 46, 48-53.

[5]  Hyundai Heavy Indus. Co., 393 F. Supp. 3d 1293 (Ct. Int'l Trade 2019).

In accordance with the First Remand Order, Commerce reconsidered and further explained its findings regarding Hyundai's failure to provide information regarding accessories, Hyundai's failure to report home market gross unit prices properly, and Hyundai's failure to disclose an affiliated sales agent. First Remand Redetermination at 10-11 (1Remand CR 6, 1Remand PR 7) (ECF Nos. 91-92). Specifically, under respectful protest, Commerce determined that Hyundai's reporting of accessories was reasonable and that Hyundai did not fail to report its affiliation with a sales agent, but continued to find that AFA was warranted to Hyundai because the company understated gross unit prices as a result of its inconsistent treatment of parts and components. Id. at 15-32. Commerce also reconsidered and further explained its findings regarding Hyosung's failure to report service-related revenues recorded on OAFs, failure to report certain price adjustments, and failure to explain the use of one invoice for multiple sales across multiple administrative reviews. Commerce found that separate litigation precluded it from relying on the OAFs as a basis to assess the omission of service-related revenues, that Hyosung adequately explained how one invoice could cover multiple sales in multiple review periods, but that AFA for Hyosung was still warranted due to Hyosung's unreported price adjustments. Id. at 10-11, 45-61.

On Jan. 22, 2020, ABB submitted final comments in opposition to the First Remand Redetermination, and specifically challenged Commerce's remand determination findings that Hyosung had adequately explained how one invoice could cover multiple sales over multiple review periods. ABB Jan. 22, 2020 Opp. Comments at 2-9 (ECF Nos. 101-102). ABB also challenged Hyundai's reporting of service-related revenues, its reporting of spare parts costs and conclude that Hyundai's reported cost of production was unreliable and unusable. Id. at 10-16.

In the Second Remand Order,[6] the Court again determined that Commerce's findings with respect to the application of total AFA for both Hyundai and Hyosung were not supported by substantial evidence. The Court directed Commerce to reconsider its findings for both Hyosung and Hyundai. Specifically, for Hyosung, the Court reiterated its finding in the First Remand Order that Hyosung failed to adequately report discounts and interest charges, but remanded the issue to Commerce to support its decision not to issue a supplemental questionnaire on this issue pursuant to 19 U.S.C. § 1677m(d), or to support its finding that Hyosung failed to act to the best of its ability. Second Remand Order at 11. Commerce responded that it wasn't required to issue a supplemental questionnaire because Hyosung had affirmatively indicated it had no discounts or interest expenses to report, and asserted that, to the extent a respondent provides a seemingly complete response, the agency is not obligated to issue a supplemental questionnaire. Id. at 14. The Court rejected that argument, arguing that Commerce had notification of the deficiency that "ultimately alerted Commerce to Hyosung's reporting deficiencies" two months before it issued the preliminary results, and that Commerce failed to indicate how it was "not practicable" to issue such a questionnaire. Id. at 15-16.[7]

For Hyundai, Commerce had applied total AFA as a result of the company's failure to report parts and components for certain home market sales. The Court determined that Commerce's finding with respect to the unreported parts and components was supported by

---

[6] Hyundai Heavy Indus. Co. v. United States, Consol. Court No. 18-00066, Slip Op. 20-165 (Ct. Int'l Trade 2020) ("Second Remand Order") (ECF Nos. 143, 150).

[7] Separately, the Court affirmed Commerce's remand redetermination not to rely on the OAFs as evidence of unreported services revenues, and Commerce's determination that Hyosung had provided an adequate explanation as to how one invoice could support multiple sales over multiple periods of review, such that neither finding any longer supported the use of total AFA for Hyosung.

substantial evidence and that Commerce was not required to issue a supplemental questionnaire on the topic. Second Remand Order at 28-29. The Court, however, found that Commerce's decision to rely on total AFA was not supported by substantial evidence, as the issue of whether the parts and components were reportable was unclear, and Commerce's decision to rely on total AFA was based on unsupported speculation regarding home market sales beyond the specific transactions at issue, determining Commerce had "no basis impute" the failing to most home market sales. Id. at 30-33.

Commerce issued the Second Remand Redetermination on April 6, 2021 (ECF No. 154-55). For Hyosung, Commerce continued to find that the agency requested that Hyosung report all price adjustments, that Hyosung stated that it did "not grant discounts," and "did not realize interest revenue." Id. at 10. Commerce determined that facts available was warranted inasmuch as Hyosung's initial assertions were shown to be incorrect in its later submissions, that the company initially provided answers that appeared to be complete and therefore did not warrant further supplemental questions, and only upon review of later responses did it become apparent that Hyosung had failed to report additional price adjustments. Id. In lieu of total AFA, and under respectful protest, Commerce deducted the unreported discounts from the affected sales, and calculated a margin of zero for Hyosung. Id. at 11, 24.

For Hyundai, in the Second Remand Order the Court found that substantial evidence supported Commerce's finding that the parts and components reported by Hyundai for one home market sale are within the scope of the order, that Hyundai failed to report these parts and components, and that it was not error for Commerce to refuse to issue a supplemental questionnaire regarding previously unreported parts and components. Second Remand Order at 25-29. The Court also found that the inaccurate reporting for one sale did not impugn the

reliability of other documented sales, and remanded the determination to apply total AFA. Id. at 31. While the Court held that Commerce's decision to rely on total AFA was based on unsupported speculation regarding home market sales beyond the specific transactions at issue, and determined that Commerce had "no basis impute" the failing to most home market sales (Second Remand Order at 30-33), that decision fails to recognize that Commerce, as the decision-maker, determined that because the errors existed in a the documentation for a five-sale sample collected, they were indicative of a wider reporting problem and were not isolated to only those sales.[8] Second Remand Redetermination at 11-14. There is no more basis to impute that the other undocumented sales were correctly reported than there is to conclude that they were incorrectly reported. However, it was Hyundai's burden to create an accurate record. Fujian Lianfu Forestry Co. v. United States, 638 F. Supp. 1325, 1340 (Ct. Int'l Trade 2009). Once it failed to do so, application of adverse facts available was not only appropriate, it was required under the statute. 19 U.S.C. § 1677e(b); Nippon Steel Corp. v. United States, 337 F.3d 1373, 1382-1383 (Fed. Cir. 2003). Following the Court's direction, and under respectful protest, Commerce was forced to conclude the previously unreported discounts were reasonable as partial facts available and added the costs for the unreported in-scope parts to one home market sale, resulting in a margin for Hyundai of zero. Second Remand Redetermination at 14, 24.

In reaching its Second Remand Redetermination, Commerce was also compelled to reject ABB's proposal to apply the highest discount to all sales, as adverse facts available, finding that the Court determined that AFA was not in accordance with law because the agency did not

---

[8] This is also true of the unreported price adjustments discovered in Hyosung's sample documents. To limit the reporting burden on respondents, Commerce views the documents generated from these small sample sales collections as representative of the broader sales databases.

comply with 19 U.S.C. § 1677m(d), and that use of AFA would not be consistent with the Court's Second Remand Order. Second Remand Redetermination at 20-21. Commerce also rejected ABB's request to apply its capping methodology on a revenue-specific basis to Hyundai, as Commerce had done for Hyosung, and instead applied its methodology on an aggregate, sales-specific basis. Id. at 17. Commerce perceived that its hands were tied by the Court's Second Remand Order on these issues.

In light of the foregoing, the Court did not properly apply the standard of review in this case. Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984). As a result, the Final Results should be re-instituted in full, and that the final margins for Hyosung and Hyundai should be based on total facts available with an adverse inference as originally found by Commerce and as argued by the Government and ABB throughout this case.

                      Respectfully submitted,

                      /s/ David C. Smith
                      R. ALAN LUBERDA
                      DAVID C. SMITH
                      MELISSA M. BREWER
                      KELLEY DRYE & WARREN LLP
                      3050 K Street, N.W., Suite 400
                      Washington, D.C.  20007
                      (202) 342-8400

                      Counsel to Defendant-Intervenor
                      ABB Enterprise Software Inc.

Dated: May 6, 2021

## CERTIFICATE OF COMPLIANCE
## WITH COURT OF INTERNATIONAL TRADE
## STANDARD CHAMBERS PROCEDURES

Pursuant to the Court of International Trade Standard Chambers procedures, and the U.S. Court of International Trade's ("CIT") decision in Hyundai Heavy Industries Co. v. United States, Consol. Court No. 18-00066, Slip Op. 20-165 (Ct. Int'l Trade 2020) setting the word limitation for comments on remand to 5,000 words, undersigned counsel to Defendant-Intervenor ABB Enterprise Software, Inc. in this action, certifies that these Comments in Opposition to Commerce's Final Results of Redetermination Pursuant to Court Remand (Apr. 6, 2021) ("Second Remand Redetermination") contain 2,484 words, including footnotes. The word-count certification is made in reliance on the word-count feature contained in Microsoft Word Office 2013.

Respectfully submitted,

/s/ David C. Smith
R. ALAN LUBERDA
DAVID C. SMITH
MELISSA M. BREWER
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
(202) 342-8400

Counsel to Defendant-Intervenor ABB Enterprise Software, Inc.

Dated: May 6, 2021