**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |  |
|---|---|---|
| HYUNDAI HEAVY INDUSTRIES CO., LTD. *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | Consol. Court No. 18-00066 |
| and | ) ) | |
| ABB ENTERPRISE SOFTWARE INC. | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments filed by defendant-intervenor ABB Incorporated (ABB), regarding the final results of redetermination filed by the United States Department of Commerce (Commerce), pursuant to the Court's opinion and order dated November 18, 2020. *See* Final Results of Redetermination Pursuant to Court Remand, April 6, 2021, ECF No. 154 (Confidential) and 155 (Public) (Second Remand Redetermination); Opinion, November 18, 2021, ECF No.143 (Confidential) and 150 (Public) (Second Remand Order).

As explained below, the Court should sustain Commerce's Second Remand Redetermination and enter judgment for the United States because Commerce has complied with the Court's Second Remand Order, and the remand is supported by substantial evidence.

Moreover, the only comments filed in opposition to the Second Remand Redetermination (filed by ABB) – while generally disagreeing with the Court's holdings – do not assert that Commerce failed to fully comply with the Court's Second Remand Order. *See,* ABB Enterprise Software, Inc.'s Comments in Opposition to Commerce's Second Remand Redetermination, passim, ECF No. 157 (May 6, 2021) (ABB's Comments).

## BACKGROUND

On November 18, 2020, this Court remanded for a second time the final results of the antidumping duty review on large power transformers (LPTs) from the Republic of Korea where Commerce continued to apply total adverse facts available to both Hyundai and Hyosung. *Large Power Transformers From the Republic of Korea: Final Results of Antidumping Duty Administrative Review*, 83 Fed. Reg. 11,679 (Dep't of Commerce March 16, 2018) (Final Results) and accompanying Issues and Decision Memorandum, March 9, 2018, P.R. 309 (IDM) and the First Remand Redetermination (Final Results of Redetermination Pursuant to Court Remand, January 15, 2020, ECF No. 91(Confidential) and 92 (Public) (First Remand Redetermination); *Hyundai Heavy Indus. Co., Ltd. v. United States*, 485 F. Supp. 3d 1380 (Ct. Int'l Trade November 18, 2020) (*Hyundai II*). In the IDM and the First Remand Redetermination, Commerce found that both Hyosung and Hyundai had failed to provide requested data fundamental to Commerce's ability to perform a dumping calculation, failed to cooperate to the best of their abilities, and applied total adverse facts available to each.

In the Second Remand Order, the Court held that Commerce, under the specific facts of this case, could not resort total adverse facts available for either Hyosung or Hyundai. *Hyundai II*, 485 F. Supp 3d at 1403. In particular, regarding Hyosung, the Court held that in addition to the fact that Commerce's deficiency questionnaires to Hyosung were inadequate to notify

Hyosung of the reporting deficiency for certain discounts and interest charges, Commerce had not addressed the statutory requirement that Commerce must, pursuant to 19 U.S.C. § 1677m(d), issue a supplemental questionnaire if "practicable." *Id.* at 1392.  The Court held that given the fact that Hyosung's allegedly deficient response was received two months prior to the preliminary results, "absent a reasonable explanation for why it was impracticable for Commerce to provide Hyosung with the opportunity to remedy its failure to properly report its discounts and interest charges," Commerce's decision to resort to total adverse facts available was not in accordance with law.  *Id.*

Regarding Hyundai, the Court found that the record supported Commerce's determination, and that Hyundai had failed to provide requested information.  *Id.* at 1396-1399.  Further, the Court held that because it was after the preliminary results that Commerce discovered the reporting deficiency, it was not "practicable" to issue a supplemental questionnaire at that late stage of the administrative review.  *Id*. at 1398.  However, the Court found Commerce's determination that Hyundai did not act to the best of its ability was not supported by substantial evidence.  *Id*. at 1399.  Specifically, the Court held that because Commerce, in the original final review results, made a finding that the record was "unclear" as to whether Hyundai properly reported parts A and B in its reporting of the foreign like product, this ambiguity – discovered after the preliminary results – could not be used to undermine Hyundai's good faith reporting of the parts as described in its responses.  *Id*. at 1399-1401.

In the Second Remand Redetermination, Commerce, under respectful protest, complied with the Court's Second Remand Order, and did not resort to total adverse facts available for either Hyosung or Hyundai.  Regarding Hyosung, Commerce found that because Commerce had failed to provide a deficiency question regarding discounts and rebates, it could not resort to total

3

facts available.  Second Remand Redetermination, ECF No. 154-1, at 10-11.  Commerce relied on partial facts available and only applied the evidence of discounts and interest charges to the sales to which the documents actually applied.  *Id.* at 11.  Commerce did not make the adverse inference that these expenses applied to any other sales.  *Id*.

Regarding Hyundai, consistent with the Court's holding, Commerce, under respectful protest, did not find that Hyundai had failed to act to the best of its ability and as a result did not apply total adverse facts available.  *Id*, at 12-13.  Commerce used Hyundai's reported data to perform the dumping calculation.  However, Commerce, as partial facts available, added the value of the parts A and B to one sale for which it had record evidence that the sale should have included the parts.  *Id*. at 14.  Commerce did not impute the value for the parts to any other sales.  *Id*.

As a result of the Second Remand Redetermination, Commerce calculated zero percent margins for both Hyosung and Hyundai and a zero percent margin for Iljen, the other plaintiff in this litigation.  *Id.* at 24.

## ARGUMENT

**I.     Standard Of Review**

This Court sustains Commerce's determinations unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i); *Bristol Metals L.P., v. United States*, 703 F. Supp. 2d 1370, 1373 (Ct. Int'l Trade 2010).  This standard applies equally to remand redeterminations. *See*, *e.g.*, *Tianjin Magnesium Int'l Co., Ltd. v. United States*, 836 F. Supp. 2d 1377, 1380 (Ct. Int'l Trade 2012) (applying the standard of review to Commerce's remand redetermination).

II. **The Court Should Sustain The Second Remand Redetermination Because It Is Supported By Substantial Evidence And The Only Objecting Party Agrees That Commerce Fully Complied With The Court's Order**

The Court should sustain Commerce's Second Remand Redetermination because it is consistent with the Court's Second Remand Order.  Moreover, the only party objecting to the Second Remand Redetermination is ABB – who agrees that Commerce's Second Remand Redetermination is consistent with the Court's Second Remand Order.  ABB's Comments, at 2 ("ABB understands . . . that the Court will likely affirm the Second Remand Redetermination based on Commerce following the Court's direction in the remand redetermination.").  Furthermore, in its comments to this Court, ABB raises no specific arguments challenging the Second Remand Redetermination.  *Id.* at *passim*.  ABB merely generally refers to it prior filings before Commerce and the Court to preserve its "appellate rights."  *Id*. at 2.   ABB challenges the Court's holdings in a one-line, general statement that the "Court did not properly apply the standard of review in this case."  *Id*. at 8.

Because ABB has raised no specific arguments challenging the Second Remand Redetermination on which the Court has not already ruled and agrees that Commerce followed the Court's Second Remand Order, the Court should sustain the remand results.

## CONCLUSION

For these reasons, we respectfully request that this Court sustain Commerce's second remand redetermination.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney
General

5

|  |  |
|---|---|
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
| OF COUNSEL:<br><br>DAVID RICHARDSON<br>Senior Counsel<br>Office of the Chief Counsel for<br>Enforcement and Compliance<br>U.S. Department of Commerce<br><br>June 7, 2021 | /s/ Kelly A. Krystyniak<br>KELLY KRYSTYNIAK<br>Trial Attorney<br>U.S. Department of Justice<br>Trade Civil Division<br>U.S. Department of Justice<br>Civil Division<br><br>*Attorneys for Defendant* |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that this motion complies with the Court's type-volume limitation rules.  According to the word count calculated by the word processing system with which the brief was prepared, this brief contains a total of 1,404 words.

s/ Kelly A. Krystyniak

June 7, 2021