UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| HYUNDAI HEAVY INDUSTRIES CO., LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| HYOSUNG CORPORATION AND ILJIN ELECTRIC CO., LTD., | )<br>)<br>) |
| Consolidated Plaintiffs, | )<br>) |
| v. | ) Consol. Ct. No. 18-00066 |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| ABB ENTERPRISE SOFTWARE INC., | )<br>) |
| Defendant-Intervenor. | )<br>) |

## NOTICE OF APPEAL

Notice is hereby given that ABB Enterprise Software Inc., Defendant-Intervenor in the above-captioned case, appeals to the United States Court of Appeals for the Federal Circuit from this Court's; 1) this Court's August 5, 2019 Opinion in this action,[1] which remanded the U.S. Department of Commerce's ("Commerce") reliance on total adverse facts available ("total AFA") for both Hyundai Heavy Industries Co., Ltd. ("HHI") and Hyosung Corporation ("Hyosung") in the fourth administrative review of the antidumping duty order on large power

---

[1] See Hyundai Heavy Indus. v. United States, 393 F. Supp. 3d 1293 (Ct. Int'l Trade 2019) ("HHI (AR4) I") (ECF Nos. 75, 82).

transformers from the Republic of Korea.  See Large Power Transformers From the Republic of Korea, 83 Fed. Reg. 11,679 (Dep't Commerce Mar. 6, 2018) (final results of antidumping duty admin. review; 2015–2016) ("Final Results"); and 2) Commerce's subsequent First Remand Results,[2] continuing to base its decision to use total facts available with an adverse inference, with respect to HHI, understatement of home market gross unit prices, and with respect to Hyosung, unreported sales adjustments and, and applying the total AFA rate of 60.81 percent to HHI and Hyosung; and 3) this Court's November 18, 2020 Opinion[3] which against remanded Commerce's reliance on total AFA for both HHI and Hyosung; and 4) Commerce's subsequent Second Remand Results,[4] made "under respectful protest," where it applied partial facts available, without an adverse inference and determined a zero percent antidumping rate for both HHI and Hyosung, and also applied this rate (i.e., zero percent) to Iljin Electric Co., Ltd. ("Iljin"), a company not selected for individual examination; and 5) this Court's July 9, 2020 Opinion and Judgment in this action,[5] sustaining Commerce's Second Remand Results.

---

[2]  See Final Results of Redetermination Pursuant to Court Remand Order in *Hyundai Heavy Indus. Co. v. United States*, CIT Consol. Ct. No. 18-00066 (Dep't Commerce Dec. 19, 2019) ("First Remand Results") (ECF Nos. 91-92).

[3]  See Hyundai Heavy Indus. v. United States, 485 F. Supp. 3d 1380 (Ct. Int'l Trade 2020) ("HHI (AR4) II") (ECF Nos. 143, 150).

[4]  See Final Results of Redetermination Pursuant to Court Remand Order in *Hyundai Heavy Indus. Co. v. United States*, CIT Consol. Ct. No. 18-00066 (Dep't Commerce Apr. 6, 2021) ("Second Remand Results") (ECF Nos. 154-55).

[5]  See Hyundai Heavy Indus. v. United States, Consol. Ct. No. 18-00066, Slip Op. 21-84 (Ct. Int'l Trade July 9, 2021) ("HHI (AR4) III") (ECF Nos. 163-64).

                                        Respectfully submitted,

                                        <u>/s/ R. Alan Luberda</u>
                                        R. ALAN LUBERDA
                                        DAVID C. SMITH
                                        MELISSA M. BREWER
                                        KELLEY DRYE & WARREN LLP
                                        3050 K Street, NW, Suite 400
                                        Washington, DC  20007
                                        (202) 342-8400

                                        Counsel for Defendant-Intervenor

Dated:  September 7, 2021